### RECONSTRUCTION FINANCE CORPORATION v. WATTS.
### No. 2206.

Court of Appeal of Louisiana. First Circuit.

March 4, 1941.

Reid & Reid, of Hammond, for appellant.
Ponder & Ponder, of Amite, for appellee.

LE BLANC, Judge.

This is a suit on a promissory note in the sum of $250. Plaintiff, Reconstruction Finance Corporation, a corporation organized under an Act of Congress, 15 U.S.C.A. § 601 et seq., with a Loan Agency in the Parish of Orleans, State of Louisiana, claims to be the holder of the note, as pledgee, for value and before maturity. The note sued on, which is annexed to the petition, is dated March 17, 1933, and is made payable to the order of Merchants & Farmers Bank & Trust Company, Ponchatoula, Louisiana, on October 17, 1933, with interest at 8% from maturity until paid. It is duly endorsed by the payee through J. W. Fannaly, cashier. The petition avers waivers of demand, protest and notices thereof, as well as the past maturity of the note which has now been placed in the hands of attorneys for collection, by reason of which petitioner is entitled to 10% of both principal and interest, as stipulated in the note itself, for attorney's fees.

An exception of vagueness was filed on behalf of the defendant in which the plaintiff is called on to state for what consideration did the plaintiff receive the note in pledge or otherwise, the date Merchants and Farmers Bank & Trust Company was placed in liquidation, the date of the endorsement on the note by said Bank through the said Fannaly, signing as cashier, and the latter's authority to make the same and the date, time and place exceptor is alleged to have signed the said note.

The Court ordered compliance with certain of the information called for in the exception and in obedience to the order plaintiff filed a supplemental petition in which it alleged that the note was a renewal of a note dated June 17, 1932, to mature December 17, 1932, and that it was made to correspond with the note released in order to comply with the records of petitioner, the original having been accepted in pledge on August 8, 1932, from the Merchants & Farmers Bank & Trust Company, as part security for a loan of $165,000.

Defendant then answered admitting that there is a note annexed to plaintiff's petition alleged to have been signed by him but he denies that the signature on the same is his own. He makes the same denial of signing and executing the note in answer to each article of both the original and supplemental petitions. He admits that according to the note's terms it is shown to be past due but he denies that it is his obligation.

Mr. J. W. Fannaly who endorsed the note for Merchants & Farmers Bank & Trust

Company, as cashier, and who was acting as the special agent for the State Bank Commissioner in the liquidation of the Tangipahoa Bank & Trust Company, which latter was in part, a reorganization of the Merchants & Farmers Bank & Trust Company, testifies that the note sued on was pledged with the Tangipahoa Bank & Trust Company to secure a loan made by the Merchants & Farmers Bank & Trust Company. It was renewed when that Bank wasn't actually operating. When the Tangipahoa Bank & Trust Company came into existence all loans to the Reconstruction Finance Corporation were consolidated in one loan and if notes held in pledge from either Bank had matured, renewals were obtained and substituted in place of the originals for the pledge. When shown the note, Mr. Fannaly positively identifies it as the one held in pledge by the Reconstruction Finance Corporation. He states that the body of the note was written by him and that it was signed by the defendant in his presence.

The defendant's contention is that he had no loan with the Bank in 1933 and that he signed no note since the assets of the Bank had been frozen in 1932, at which time he claims to have had around $2,800 on deposit. He denies that he signed the note, but to us his testimony appears somewhat evasive on that point. He admits that at some time, the Bank did hold a note of his for $250 but claims that he paid it. His contention is that his note was attached to a mortgage note of a Mr. Watkins, as collateral, and that Mr. Watkins, being unable to pay the mortgage note, to which his was attached, it was agreed with the president of the Bank that he would take up the note by paying his note of $250. He claims to have made this payment by a check on the Bank and thereafter he did not owe the Bank anything further. When asked if he had the check with which he made the payment he says that he never received a statement from the Bank since it was placed in liquidation.

Mr. Fannaly was called back as a witness in rebuttal and again stated that he wrote the note out himself, and that the defendant signed it and he saw him sign it. His testimony on rebuttal was taken after he had been given an opportunity to examine the records of the Bank which at the time were in Hammond, all of which he states show the different transactions leading up to the last renewal of plaintiff's original note by the note sued on. He was asked if he would produce the records from which he was testifying for the Court and said that he would as soon as a young lady who had made the search for them could make them complete. We note that they were never filed in the record and neither does defendant seem to have taken any further steps to have them produced.

Several specimens of the defendant's signature were produced and on comparison, Mr. Fannaly testified that they were the same as the defendant's signature on the note sued on.

The case after all presents solely and only a question of fact, on which the district judge, after hearing the testimony, concluded that the defendant had not succeeded in rebutting the proof offered by the plaintiff. Defendant has filed no brief in this Court and we are unable to point out manifest error in the findings of the district judge.

The judgment being found correct, it stands affirmed at the costs of the appellant.